CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

October 30, 2018

Vincent J. Piazza, Esq.
The Disability Law Center of
Robert S. Piazza, Jr.
6716 Harford Rd.
Baltimore, MD 21234

Amy C. Rigney, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Subject: Frederica D. v. Commissioner, Social Security Administration, Civil No.: BPG-17-3035[1]

Dear Counsel:

Pending before this court, by the parties' consent (ECF No. 3, Paperless Notice dated October 17, 2017), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 16) and Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 19). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 16) and Defendant's Motion (ECF No. 19) are denied, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further consideration in accordance with this opinion.

## I. Background

On June 19, 2014, plaintiff filed a Title XVI application for supplemental security income, alleging disability beginning on June 1, 2014. (R. at 257). Her claim was initially denied on September 25, 2014 (R. at 108), and on reconsideration on April 3, 2015 (R. at 125). After a hearing held on November 16, 2016, an Administrative Law Judge ("ALJ") issued a decision on January 3, 2017 denying benefits based on a determination that plaintiff was not disabled. (R. at 10–21). The Appeals Council denied plaintiff's request for review on September 6, 2017, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1–4). Plaintiff challenges the Commissioner's decision on the following grounds that: (1) the ALJ failed to explain the relative weight assigned to the majority of the medical source statements of record, (2) the ALJ's mental residual functional capacity ("RFC") is inconsistent with the ALJ's findings at step three and with Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) and Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), and (3) the ALJ's

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

decision failed to comply with Albright v. Commissioner of Social Security Administration, 174 F.3d 473 (4th Cir. 1999) and Acquiescence Ruling 00-1(4).

## II.     Discussion

First, plaintiff argues that the ALJ improperly substituted his own opinions for opinions of physicians. (ECF No. 16-1 at 8). Plaintiff briefly argues that the ALJ improperly substituted his own judgment and construction of what constitutes "common sense" in plaintiff's RFC by limiting plaintiff to applying "commonsense" understanding when carrying out instructions but failing to define the term. Id. As noted by defendant, however, this word is used in the Dictionary of Occupational Titles ("DOT"), so the ALJ did not have to substitute his own construction of the term. (ECF No. 19-1 at 7). Plaintiff then primarily argues that the ALJ assigned "partial" or "little" weight to several opinions but failed to define those adjectives or disclose what proportionate weight was assigned to the various opinions. Id. The ALJ must generally give more weight to a treating physician's opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, however, the ALJ should afford it significantly less weight. Id.; Craig, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ must assign weight after considering several factors, including the length and nature of the treatment relationship, the degree to which the physician's opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)–(6). Additionally, the ALJ "must also consider, and is entitled to rely on, opinions from non-treating doctors." Johnson v. Comm'r, Soc. Sec. Admin., No. ADC-17-1819, 2018 WL 2248412 at *8 (D. Md. May 16, 2018) (citing SSR 96-6p, 1996 WL 374180, at *3 (S.S.A. July 2, 1996)).

The ALJ gave little weight to the opinion of Dr. Richardson, one of plaintiff's treating physicians, that plaintiff met the requirements of Listing 12.04(B) when Dr. Richardson based his opinion on plaintiff's left arm weakness, but Listing 12.04(B) required disorganization of motor function in at least two extremities. (R. at 13). Additionally, the ALJ gave little weight to Dr. Richardson's opinion that plaintiff could not perform light work or withstand the stress and pressures of a competitive workplace because this opinion was inconsistent with the evidence, which showed that plaintiff has had very few physical difficulties since the alleged onset date. (R. at 17). Similarly, the ALJ gave little weight to the opinion of Dr. Bailey, plaintiff's treating psychiatrist, finding that her opinion was completely inconsistent with the medical evidence which showed that plaintiff had exhibited few objective abnormalities and that plaintiff's treatment was minimal with no decompensation or need for hospitalization. (R. at 18). Finally, the ALJ gave great weight to the opinion of Dr. Chik, plaintiff's treating neurologist, that there were no apparent neurological restrictions for plaintiff to return to work, as it was consistent with the medical evidence. (R. at 17).

The ALJ also considered the other opinions in the record. The ALJ gave partial weight to the opinion of the state agency medical consultant for the reconsideration determination, as it was consistent with the evidence, but failed to account for the full range of limitations due to

plaintiff's respiratory impairments. (R. at 17). The ALJ gave little weight to the opinion of consultative examiner Dr. Ansel because it was provided two years prior to the alleged onset date and was inconsistent with the evidence. (R. at 18). The ALJ gave great weight to the opinions of the state agency psychiatry consultants, as their opinions were consistent with the evidence of record. Id. The ALJ considered a statement from Jenna Hause, a certified physician's assistant, but assigned it little weight, as it applied to a period two years prior to the alleged onset date and the limitations were non-specific and contained little explanation. Id. Similarly, the ALJ considered a statement from plaintiff's daughter, but found that the opinion was from a period two years prior to the alleged onset date and related to the short-term effects of plaintiff's most recent stroke. (R. at 19). Finally, the ALJ considered plaintiff's Global Assessment of Functioning ("GAF") scores, but noted that these scores generally receive little weight, as they are subjective and provide little insight into long-term prognosis, and only assigned "somewhat greater weight" to plaintiff's scores above 50, which were consistent with the evidence and level of treatment sought and received. (R. at 18).

As noted by defendant, the ALJ "gave 'little' weight to those opinions not related to the period at issue and those opinions inconsistent with or not supported by treatment notes or the record . . . 'partial' weight to those opinions generally, but not wholly, consistent with the record . . . and 'great' weight to those opinions consistent with the record." (ECF No. 19-1 at 8). The ALJ provided explained his reasoning and provided substantial evidence to support these assignments. (R. at 17–19). Accordingly, plaintiff's argument that remand is warranted is without merit.

Next, plaintiff argues that the RFC is inconsistent with the ALJ's finding at step three that plaintiff has moderate limitations in "concentration, persistence and pace" as well as the Fourth Circuit decisions in Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) and Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). (ECF No. 16-1 at 10). Here, plaintiff argues that the ALJ failed "to build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). The Fourth Circuit remanded in Mascio because the ALJ's RFC assessment—and the hypothetical upon which it was based—only limited the claimant to unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in concentration, persistence, or pace. Id. at 637–38. The Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, observing that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. at 638. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. Id.

Here, the ALJ's RFC assessment did not properly account for plaintiff's difficulties in concentration, persistence, or pace. The ALJ, at step three, found that plaintiff had moderate difficulties with regard to concentration, persistence, or pace. (R. at 14). The ALJ concluded that plaintiff was "limited to performing simple, routine, repetitive tasks, but can only apply

commonsense understanding to concrete variables in or from standardized situations. She is limited to making simple work related decisions with only occasional changes in the routine work setting. Time off task during the workday can be accommodated by normal breaks." (R. at 16). The ALJ's opinion, however, does not account for the ALJ's finding of moderate difficulties in concentration, persistence, or pace. See Harvey v. Berryhill, TJS-17-0808, 2018 WL 3031850 at *2 (D. Md. June 19, 2018) (distinguishing the ability to perform unskilled, repetitive work with the ability to stay on task and perform the job for a full workday and work week).

Defendant argues that the ALJ accommodated plaintiff's moderate limitations by limiting her to "simple, routine, repetitive tasks and only simple work related decisions with only occasional changes in the routine work setting." (ECF No. 19-1 at 11). Limiting plaintiff to "simple, routine tasks" is insufficient to account for plaintiff's moderate difficulties. See Mascio, 780 F.3d at 638. Furthermore, giving "a detailed description of the kinds of instructions and decisions that plaintiff could handle given [her] mental limitations" does not "sufficiently address [plaintiff's] moderate difficulties in concentration, persistence, and pace." Lopez v. Berryhill, No. TJS-17-2315, 2018 WL 4908276, at *2 (D. Md. Oct. 10, 2018). Similarly, the ALJ's finding that time off-task could be accommodated by normal breaks "does not adequately account for [plaintiff's] ability to concentrate and stay on task." Id. (citing Ludlow v. Comm'r, Soc. Sec. Admin., No. SAG-15-3044, 2016 WL 4466790, at *2 (D. Md. Aug. 23, 2016).

As the Fourth Circuit noted in Mascio, "once an ALJ had made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." Id. Because that did not occur in this case, I must remand the case to the Commissioner for further analysis consistent with Mascio.

Finally, plaintiff argues that the ALJ failed to comply with the Fourth Circuit's holding in Albright v. Commissioner of the Social Security Administration, 174 F.3d 473 (4th Cir. 1999) and the Social Security Administration's Acquiescence Ruling ("AR") 00-1(4). AR 00-1(4) interpreted Albright as well as Lively v. Secretary of Health & Human Services, 820 F.2d 1391 (4th Cir. 1987) and held that "where a final decision of SSA after a hearing on a prior disability claim contains a finding required at a step in the sequential evaluation process for determining disability, SSA must consider such finding as evidence and give it appropriate weight in light of all relevant facts and circumstances when adjudicating a subsequent disability claim involving an unadjudicated period." 2000 WL 43774, at *1 (Jan. 12, 2000). Adjudicators are directed to consider factors such as "(1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim." Id.

An ALJ previously determined that plaintiff was not disabled in an opinion dated March 11, 2013, when plaintiff alleged disability beginning October 1, 2009. (R. at 74). That prior decision included a finding that plaintiff's IQ was a severe mental impairment (R. at 76), an analysis under Medical Listing 12.02 (R. at 77), a finding that plaintiff had moderate limitations in social functioning as well as one or two episodes of decompensation (R. at 78–79), and a limitation in plaintiff's RFC that she could only occasionally interact with co-workers, supervisors, and the public (R. at 80). Plaintiff argues that, here, in evaluating plaintiff's more recent application for benefits, the ALJ erred by failing to find that plaintiff's IQ was a severe impairment, failing to evaluate plaintiff's mental condition under Listing 12.02, finding that plaintiff had only mild limitations in social functioning with no episodes of decompensation, and finding that plaintiff had no limitations in terms of interaction with co-workers, supervisors, and the public. (ECF No. 16-1 at 13).

The ALJ noted that plaintiff was previously found not disabled in the prior decision, and found that the limitations identified in that decision were mostly consistent with the evidence presented here. (R. at 19). The ALJ found, however, that the plaintiff no longer had moderate limitations in social functioning, and therefore did not include a limitation in plaintiff's RFC for only occasional interaction with co-workers, supervisors, and the public. Id. The ALJ found that plaintiff began treatment for her mental health impairments prior to the alleged onset date and appeared to be responding well. (R. at 17). Plaintiff described her mood as "much better," attended a festival by herself, and upon examination, had "an attentive and friendly attitude." Id. The ALJ also stated that, while plaintiff "has a significant medical history," she had "rather mild abnormal findings since the alleged onset date." (R. at 19). Additionally, while the ALJ did not find that plaintiff's IQ was a severe impairment, he did consider plaintiff's IQ during his step three analysis. (R. at 14–15). Similarly, while the ALJ did not explicitly consider Listing 12.02, he did review the requirements of paragraph B and C and found that plaintiff did not meet the requirements of paragraph B and that, while plaintiff arguably met the requirements of paragraph C, plaintiff did not have deficits in adaptive functioning as required by Listing 12.05. (R. at 15). Accordingly, the ALJ properly considered the prior decision, and plaintiff's argument that remand is warranted is without merit.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 16) and Defendant's Motion (ECF No. 19) are DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further consideration in accordance with this opinion.

Frederica D. v. Berryhill
Civil No.: BPG-17-3035
October 30, 2018
Page 6

 Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.
 .

         Very truly yours,

         /s/

         Beth P. Gesner
         Chief United States Magistrate Judge