CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

December 17, 2019

Vincent J. Piazza, Esq.
The Disability Law Center of
Robert S. Piazza, Jr.
6716 Harford Rd.
Baltimore, MD 21234

Amy C. Rigney, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Subject: Frederica D. v. Andrew Saul, Commissioner, Social Security Administration, Civil No.: BPG-17-3035

Dear Counsel:

Currently pending is Vincent J. Piazza's Petition for Attorney's Fees ("Petition") pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b) and § 1383(d)(2), which seeks fees for counsel's representation of plaintiff before this court. (ECF No. 24). In response, defendant takes no position on plaintiff's Petition, but requests that the court consider whether Mr. Piazza's requested amount constitutes a reasonable fee. (ECF No. 25). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Mr. Piazza's Petition is GRANTED.

On November 28, 2018, this court awarded Mr. Piazza $4,070.00 for his work on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 23). Plaintiff was subsequently awarded $47,448.00 in past-due benefits. (ECF No. 24-3). Twenty-five percent of plaintiff's past-due benefits amounts to $11,862.00. Id. On November 8, 2019, Mr. Piazza filed his Petition seeking attorney's fees in the amount of $11,862.

"The Act authorizes a reasonable fee for successful representation before this [c]ourt, not to exceed twenty-five percent of a claimant's total past-due benefits." Dewain S. v. Comm'r of Soc. Sec. Admin., Civil No. SAG-17-716, 2019 U.S. Dist. LEXIS 5281 at *2 (D. Md. Jan. 11, 2019) (citing 42 U.S.C. § 406(b)). "Although contingent fee agreements are the 'primary means by which fees are set' in Social Security cases, a court must nevertheless perform an 'independent check, to assure that they yield reasonable results in particular cases.'" Id. (quoting Gisbrecht, 535 U.S. at 807). "In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the 'character of the representation and the results the representative achieved.'" Id. (quoting Gisbrecht, 535 U.S. at 808)). "Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a 'windfall' to the attorney." Id.

Here, Mr. Piazza and plaintiff entered into a contingent fee arrangement and plaintiff

agreed that, if his claim was allowed, the fee for services rendered in this case will be twenty-five percent (25%) of all retroactive benefits to which plaintiff may become entitled. (ECF No. 24-1). In his previous Motion for Attorney's Fees Pursuant to the EAJA (ECF No. 21), Mr. Piazza submitted an itemized report documenting the 22.00 billed hours he expended before this court in plaintiff's case. (ECF No. 21-2). If the court awards Mr. Piazza the full amount of fees requested, his fee for representation before this court will effectively total $539.18 per hour. Accordingly, Mr. Piazza must establish that an effective rate of $539.18 per hour is reasonable for the services he rendered. See Gisbrecht, 535 U.S. at 807.

Although Mr. Piazza's requested fee is higher than the "top hourly rate that is presumptively reasonable for attorneys of his experience level, pursuant to the fee guidelines appended to the Local Rules of this Court[,] . . . it is customary in Social Security cases for courts to approve significantly higher rates."[1] Flores v. Comm'r, Civil No. SAG-12-3316, U.S. Dist. LEXIS 57446, at *5 (D. Md. Apr. 4, 2018). "Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals." Terri H. v. Comm'r, Soc. Sec. Admin, Civil No. SAG-16-3106, U.S. Dist. LEXIS 17095 at *3–4 (D. Md. Feb. 4, 2019) (collecting cases). Notably, in Flores, the court found that an effective rate of $1,425.00 per hour, "or triple the hourly rate under the fee guidelines for an attorney of like experience," was reasonable for an attorney with over twenty years of experience. Flores, 2018 U.S. Dist. LEXIS 57446, at *5. Similarly, here, after consideration of factors such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court, Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005)), I find that the requested fee is reasonable and should be approved.

For the reasons noted above, Mr. Piazza's Petition (ECF No. 24) is GRANTED and Mr. Piazza is awarded attorney's fees totaling $11,862.00. Mr. Piazza is directed to reimburse to plaintiff the $4,070.00 in fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly. An implementing order follows.

Very truly yours,

/s/

Beth P. Gesner
Chief United States Magistrate Judge

---

[1] "Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case." Dewain S., 2019 LEXIS 5281, at *3 n. 2 (citing Loc. R. App. B. (D. Md 2018)). Mr. Piazza has now been practicing for twenty-eight years (ECF No. 24 at 2) and presumptively reasonable hourly rates for attorneys admitted to the bar for more than twenty years is $300-475. Loc. R. App. B (D. Md. 2018).